## Robert Cochran *vs.* Hunking Wheeler.

Where a note has been once paid, it ceases to be negotiable except as against those by whom a new endorsement has been made, and such parties as are not prejudiced by the transfer.

When an acceptance has been received, to be collected and applied in payment of a precedent debt, the creditor is bound to the exercise of due diligence in its collection, or it will be holden as satisfaction of his own debt, by reason of his laches.

This was assumpsit founded on a note. The parties agree that the note was made by the defendant to one Daniel Pinkham, for the sum of $150, and that it was agreed by said Pinkham and the defendant that the said Pinkham should get said note discounted at some bank, and should retain one half of the amount received, and let the defendant have the remainder : That said Pinkham procured the discount of the note at the New-Hampshire Bank, and retained one half of the proceeds of the note, and paid the other half to the defendant. On the 10th of December, 1825, the said note became due, and said Pinkham paid the contents to the Bank ; and, on the same day, the defendant drew an order in favor of said Pinkham on one William Bishop, for the sum of $200, payable in eight months, which was accepted by said Bishop, which acceptance the said Pinkham received and agreed to collect, and retain, out of the same, one half of the amount of the note discounted as above, and account to the defendant for the residue.

It was agreed, that, at the expiration of said eight months, and for a long time afterwards, the said Bishop was in good circumstances, doing an extensive business, and abundantly able to pay said sum of two hundred dollars ; and that the contents of said acceptance, with common and ordinary diligence, might have been collected by the said Pinkham of

said Bishop. The said Pinkham neglected to collect the contents of said acceptance till some time in the year 1829, when the said Bishop failed in business, and became insolvent. About the same time, the said Pinkham failed, and became insolvent; so that by the neglect of said Pinkham in not collecting said acceptance, the defendant lost the residue of said acceptance.

The note was endorsed to the plaintiff by Pinkham, in 1831. It was agreed, that if the plaintiff was entitled to recover on the foregoing facts, judgment was to be rendered in his favor for one half of said note, and interest from the 10th of December, 1825; otherwise the plaintiff was to become nonsuit.

*Hackett*, for the plaintiff.

*Cushman*, for the defendant.

Upham, J. It has been decided, in the case of Bryant vs. Ritterbush, 2 *N. H. Reports*, 212, that, as a general rule, when a note has been once paid it ceases to be negotiable. This doctrine was based upon the decisions in *Blake* vs. *Sewall*, 3 *Mass.* 556, and *Boylston* vs. *Green*, 8 *Mass.* 465; but it is undoubtedly subject to the limitation as now holden in *Guild* vs. *Eager*, 17 *Mass.* 615, in which the rule is restrained to cases where the party to a bill or note is prejudiced by a subsequent transfer. There is nothing in the case of Bryant vs. Ritterbush which conflicts with the limitation here affixed, or with the doctrine generally sustained, that the negotiability of a note is not impaired by its being paid and taken up by an endorser, in cases where those only who are bound to pay at all events can be sued in consequence of such paper being again put in circulation. To this extent, the negotiability of a note which has been taken up by an endorser has been holden to remain unimpaired. *Callon* vs. *Lawrence*, 3 *Maule & Selwyn* 95;

*Havens* vs. *Huntingdon*, 1 *Cowen* 387 ; *Mead* vs. *Small*, 2 *Green.* 207 ; *Williams* vs. *Matthews*, 3 *Cowen*, 252 ; *Guild* vs. *Eager*, 17 *Mass.* 615 ; *Bailey on Bills*, 90.

In this case, the proceeds of the note were jointly received by the maker and endorser ; but we are not aware that this would limit its negotiability, unless the maker should be prejudiced by the new transfer. But the transfer does not increase or vary his liability. This suit is open to any defence that could be set up in an action brought by the endorser, and there seems no objection to sustaining the plaintiff's rights as endorsee as long as the maker remains uninjured.

But there are other grounds of defence, which are an answer to this action. On the day the note was paid by Pinkham the endorser, the defendant drew an order on one William Bishop, for the sum of $200, payable in eight months, which was accepted by Bishop, and the endorser agreed to collect and retain, from the proceeds of this order, an amount equal to the defendant's portion of the note, and account to the defendant for the residue ; and the defence set up is payment by this acceptance.

There is no doubt, from the contract, that Pinkham received the acceptance to be appropriated upon the note, in payment of his claim ; and the legal effect of the contract would seem to be to give the defendant a credit on the original debt during the time specified in the acceptance. *Chitty on Bills*, 123 ; *Stedman* vs. *Gooch*, 1 *Esp.* 3. However this may be is immaterial in this case, as Pinkham agreed to collect the acceptance at maturity and apply it in payment of this debt ; and a neglect in this undertaking makes the acceptance his own, and equivalent to a payment.

It has long been holden, that where a bill of exchange or promissory note is taken in satisfaction of a precedent debt, or to be applied when due as payment, that the creditor cannot proceed, in an action for such debt, without shewing that he has used due diligence to obtain accept-

ance, or payment. If the creditor part with the note or bill, or if it be the note or acceptance of a third person, and the creditor be guilty of laches in not presenting it for payment in due time, it will discharge the debtor from the original debt to the extent of the payment.

In *Smith* vs. *Wilson, And.* 187, payment of a precedent debt on account was made in part by an endorsed note, and at the foot of the account the plaintiff wrote the following memorandum : " *Received the contents of said note, to be allowed when paid.*" In this case, the court held that where a note is taken for a precedent debt, it must be intended to be taken by way of payment, on condition that the note is paid in a reasonable time ; but if the person accepting it does not endeavor to procure such payment, and the money is lost by his default, he must bear the loss. See also *Chamberlin* vs. *DeLarive,* 2 *Wilson,* 353 ; *Brower* vs. *Jones,* 3 *Johns.* 230 ; *Ex'rs of Smedes* vs. *Elmendorf, do.* 185 ; *Jones & al.* vs. *Savage,* 6 *Wendell* 658 ; *Seymour* vs. *Van Slyck,* 8 *Wendell* 403 ; *Whittlesey & Stone* vs. *Dean,* 2 *Aikens* 263 ; *Kearslake & al.* vs. *Morgan,* 5 *D. & E.* 514 ; *Bridges* vs. *Berry,* 3 *Taun.* 130 ; *Bishop* vs. *Rowe,* 3 *Maule & Selwyn* 362 ; *Champion & al.* vs. *Terry,* 3 *Brod. & Bing.* 295 ; *Tapley* vs. *Martens,* 8 *D. & E.* 450 ; *Buller's N. P.* 182 ; *Chitty on Bills,* 126 ; *Clark* vs. *Young,* 1 *Cranch* 191 ; *Lord* vs. *Chadbourne & al.* 8 *Green.* 198 ; *Henry* vs. *Donagley, Addison* 39 ; *Bailey on Bills,* 251 and 255.

It is admitted in this case, that the contents of the acceptance against Bishop, with common and ordinary diligence, might have been collected by the payee of the note ; and where no excuse is rendered for the neglect of the payee to collect the same, he must be considered as receiving the acceptance in satisfaction of the debt, or that he has elected to appropriate it in this manner ; and as this plaintiff holds the note, subject to any defence that may be set up against the payee,

*The plaintiff must become nonsuit.*