## GLIDDEN VS LEONARD.

*As to sci. fa. against bail.*

1. It is not essential, in a proceeding by *scire facias* against bail, to set out the affidavit, or order for bail.

This was a proceeding by *scire facias*, issued in the name of James Leonard against John S. Glidden; and was founded upon a bail bond, executed by the said Glidden, as the bail of one Walker.

The *scire facias* was in the following terms, to wit—

"The State of Alabama, Mobile County—to the Sheriff of said County, Greeting—Whereas, heretofore, to wit, on the twenty-second day of October, in the year of our Lord, eighteen hundred and thirty-two, a writ of *capias ad respondendum*, issued from the Circuit Court of Mobile county, in favor of James Leonard, returnable to the fourth Monday after the fourth Monday in October, eighteen hundred and thirty-two, against Thomas G. Walker, in a plea of trespass on the case; upon which said writ was an endorsement, requiring the sheriff of Mobile county to hold the defendant to bail, in the sum of five hundred and ninety dollars and sixty-six cents, according to the statute in such case made and provided;—which said writ was, on the twenty-fourth day of October, eighteen hundred and thirty-two, delivered to Joseph Bates, jr., the sheriff of said coun-

ty, *to* be executed and returned : and whereas the said sheriff did, on the twenty-sixth day of October, in the year eighteen hundred and thirty-two, by virtue of said writ, arrest the body of said Thomas G. Walker, and thereupon the said Thomas G. Walker, together with John O. Glidden, and David Abbott, who has since departed this life, gave to the said sheriff a certain bond or obligation, commonly called a bail bond, in the penal sum of five hundred and ninety dollars and sixty-six cents, conditioned that the said Thomas G. Walker, appear at the Circuit Court of Mobile county next thereafter, to be holden on the fourth Monday after the fourth Monday in October, eighteen hundred and thirty-two, and answer to James Leonard, in a plea of trespass on the case, and perform and abide by such order and judgment as might be rendered in the premises,—and then and there delivered the said bond to the said sheriff, who thereupon discharged the body of the said Thomas G. Walker—upon said bail; which said writ, together with said bail bond, the said sheriff afterwards returned to the clerk of the said Court at the return term thereof, with an assignment on the back of said bond to the said plaintiff, signed by the said sheriff, in pursuance of the statute in such case made and provided. And whereas afterwards, to wit, at the term of the Circuit Court, held in and for the said county of Mobile, on the eleventh day of May, in the year of our Lord, eighteen hundred and thirty-three, by the consideration of the said Court, the said James Leonard recovered against the said Thomas G. Walker, the sum of three hundred and seventeen dollars damages, and also the sum of twenty dollars

and eighty-seven cents for his costs and charges by him about his suit, in that behalf expended; whereof, the said Thomas G. Walker is convicted, as appears to us of record: and although judgment thereof be rendered, and our writ of execution thereon issued, commonly called a writ of *capias ad satisfaciendum*, on the second day of October, eighteen hundred and thirty-three, . directed to the sheriff of Mobile county, which was duly delivered to Joseph Bates, junior, sheriff of said county, to be executed according to law,—yet the said Thomas G. Walker has not abode the judgment aforesaid, but ever since the giving of the same, has avoided, so that he could not be found; and the aforesaid sheriff hath returned upon the said writ into our said Court, on the nineteenth day of November, eighteen hundred and thirty-three, when and where the said writ was made returnable—that the defendant in said writ was not found in his said county, to satisfy said execution; and so returned said writ, in no part satisfied. And the said James Leonard says, the judgment aforesaid is still altogether unsatisfied, and remains in full force, whereby the said bond and condition thereof have become forfeited, and of which said proceedings now remaining of record in this honorable Court, reference being thereto had, will more fully and at large appear: wherefore, the said James Leonard has besought a remedy in this behalf.

Now, to the end that justice be done, you are hereby commanded to make known unto John S. Glidden, who was bail and surety for the said Thomas G. Walker, and who still survives upon the original process, whereupon the judgment aforesaid was given,

GLIDDEN *vs* LEONARD.

not only for his appearance to answer the plaintiff upon the process aforesaid—but that he should abide by and perform the judgment and order of said Court that should be given thereon,—that he be and appear before the honorable, the Judge of the Circuit Court of Mobile county, on the first Monday after the fourth Monday in March, instant, to shew cause, if any he has, wherefore the said James Leonard should not have judgment against the said John S. Glidden, for his damages and costs aforesaid, and further to do and receive what our said Court shall consider of him in the premises. And have you then and there this writ, with your doings thereon. Witness, &c.

Upon this *scire facias*, judgment was rendered against the defendant, Glidden, for want of a plea.

It was here assigned upon writ of error—

First—That the said *scire facias* was not sufficient in law to authorise the judgment.

Second—That it did not appear that an affidavit to hold to bail was made.

*Gordon* and *Goldthwaite*, for plaintiff in error.
*Ellis* and *Peck*, contra.

PER CURIAM.—A *sci. fa.* against bail need not state the affidavit and order for holding to bail: the proceeding according to the English forms is all sufficient.

All irregularities, as to taking bail, may be taken advantage of, on motion, at the return term. Whether it can afterwards, is questionable.

The judgment must be affirmed.