### EVANS *VS.* GORDON.

1. Protest is not necessary to enable a plaintiff to maintain an action on a promissory note, or inland bill of exchange—and where an averment of protest is made, the fact being immaterial, is not necessary to be proved.

2. Evidence that the note sued on is not the property of plaintiff, may be given under the general issue.

3. Where judgment is not rendered on a demurrer to a plea,—it will be presumed after judgment on an issue to the country, that the plea was waived.

4. The payee of a note made to him as administrator, may sue on the note in his own name, and so, also, the endorsee of a promissory note received by him as administrator, may maintain action on the note in his own name.

5. The judgment of a court, when right, will not be disturbed because rendered for a wrong reason.

6. A demand of payment of a note made payable at a particular place, is not necessary to enable the holder to maintain action, though it may be matter of defence, for the defendant, if he was ready to pay at the time and place appointed.

7. The name of a plaintiff appearing endorsed on the back of a note, does not impair his right to recover.

Error to the County court of Wilcox county.

Assumpsit on a promissory note, payable in Bank.

To an action of assumpsit, brought by the defendant in error against the plaintiff in error, as the maker of a promissory note, payable and negotiable at the Branch Bank at Mobile, to the order of Thomas Evans, and endorsed to the defendant, the plaintiff in error pleaded the

Evans *vs.* Gordon.

general issue, and also that the note was not the property of the defendant in error, in his individual capacity. Issue was taken on the first plea—to the second, there was a demurrer.   In the progress of the cause, a bill of exceptions was filed by the plaintiff in error.,

The bill stated, that the plaintiff offered the note and protest in evidence, to which defendant objected, as the protest did not set forth, that the maker was notified of it—when the same was withdrawn.   Defendant proposed to introduce a witness, to prove that the note was not the property of plaintiff in his individual capacity, but as the executor of the estate of one Alexander Gordon; but the court refused to receive the testimony, because the witness was an endorser on the note, and therefore interested in the event of the suit.   Defendant then moved the court to instruct the jury, that it could not find a verdict for plaintiff, inasmuch as the protest of a notary had not been produced in evidence, setting forth, that the note had been protested for non-payment, after demand and refusal of payment at the bank : and inasmuch as it was averred, in the declaration, that the note was presented for payment at the bank, and payment refused, such presentment and refusal ought to be proved. But the court thought the averment immaterial, and not necessary to be proved, and that it was unnecessary to produce in evidence the protest of a notary public, setting forth the matters above stated, on a promissory note payable in Bank.   To all of which defendant excepted.

Verdict and judgment for plaintiff—to reverse which, the writ of error was sued out.

It was assigned for error——

Evans *vs.* Gordon.

1. That there was no such cause of action produced in evidence, as sustained the declaration, and authorised judgment thereon.

2. The court below erred in rendering judgment upon a verdict, on an issue to the country, when an issue in law was joined on the demurrer to the second plea, which was not disposed of.

3. The court erred in giving judgment for plaintiff, he not having stricken the name of R. G. Gordon, the plaintiff, from the cause of action sued on, before judgment—he being an endorser thereof.

4. The court erred in giving and refusing the several instructions, as shewn in the bill of exceptions.

*Porter*, for the plaintiff in error.
*Phillips*, contra.

*Porter*, for the plaintiff in error, contended, that although the protest of such note is not essential, yet when it *is averred* in the declaration, it is incumbent on the party making the allegation, to prove it—(1 Selwyn's N. P. 315, note 16.) To shew that there was error, in rendering judgment upon the verdict, on an issue to the country, when an issue was pending in law, he cited, Minor, 93; 1 Stewart, 37; ibid. 412. There was no authority for rendering judgment, without first striking off the name of Gordon, who was an endorser—(1 Selwyn, 286, and notes C. and E.) The witness, Evans, ought not to have been excluded—(5 Cowen, 23, 155; 1 Selwyn, 315.) The cases cited shew that endorsements may be struck out at the trial. If they are not, the paper must

be held to be transferred during the trial, or before—(1 Marsh. 555; Pitts vs. Keym, 1 Stewart, 155.)

*Phillips*, for the defendant in error. It was not necessary that the endorsee should have prosecuted the maker to insolvency, before the institution of the action against the endorser, as the note on which the suit was founded was payable in bank—(Aik. Dig. 329, 330.) The court would consider, that the note was duly protested, and notice given, until the contrary was shewn. It was competent for the plaintiff below, to sue in his individual character—(1 Chitty's Pl. 205, 206; 2 Williams on Executors, 1149.)

ORMOND, J.—As the declaration contained an averment, that the note was protested for non-payment, it is insisted that it was necessary to prove it. Protest not being necessary to maintain an action on a promissory note or inland bill of exchange, the averment of protest being of a fact entirely immaterial, it was not necessary to be proved. The case referred to in 1st Selwyn's Nisi Prius, note 16, has no application here, as the decision turned on an act of parliament.

It is also insisted, that the court erred in rendering judgment, the issue in law being undisposed of. The matter pleaded in the second plea, if it could have been given in evidence at all, was admissible under the general issue. As no judgment of the court seems to have been had on the demurrer to that plea, we must presume that the plea was waived. The defendant below offered to introduce Thomas Evans, the first endorser on the note

8 P. 19

Evans *vs.* Gordon.

sued on, to prove the fact stated in the second plea, which evidence, the court rejected, on the ground that the witness was interested. It is very clear, that the witness had no interest in the suit, but it is as certain that the evidence was wholly immaterial. If the defendant in error held the note, as the representative of A. G. Gordon, he had the legal title, and if it had been made directly to him in his representative character, he could have sued in his own name, disregarding the description of his title. It follows, of course, that he could sue as endorsee, when there was no such description. The evidence, therefore, should have been excluded, as wholly irrelevant. The judgment of the court was right, and will not be reversed, because it was rendered for a wrong reason.

It was also insisted, that as the note was payable at a particular place, no recovery could be had without proving a demand at the place of payment. We are clearly of opinion that no such demand was necessary to maintain the action; but that it was matter of defence for the defendant, if he was ready to pay at the time and place appointed.

In the case of Irvin vs. Withers, (1 Stewart, 234,) a majority of the court held, that a failure to aver and prove a demand in such a case, was cured by verdict; the minority holding that no demand was necessary. In the latter opinion, we concur.

The name of the defendant in error appearing on the back of the note, did not impair his right to recover. It was doubtless endorsed in blank, for the purpose of collection in bank, and the note not being paid, the en-

dorsement being merely formal, the title to the note still remains in him, and the endorsement of his name on the back, must be considered a mere nullity. The failure to erase an endorsement which can have no legal effect, certainly cannot be considered a valid objection, and was so decided by this court in the case of Pitts vs. Keyser, 1 Stew. 154. Let the judgment be affirmed.