## BEAL & BENNETT *vs.* SNEDICOR.

1. Where defendants are described as "late merchants, partners, &c.," it is to be inferred, that the co-partnership ceased to exist, before the commencement of the suit.

2. And where a partnership has ended, service of process upon one of the partners, cannot operate as a service upon the other members of the firm.

3. But where both defendants appear, and judgment is rendered against them, advantage cannot be taken of the irregularity of the service.

4. The general issue in assumpsit, may be pleaded by one of several defendants, in an action against defendants, who were at a former time partners.

5. A plea to an action by the assignee of a note—that the note has never been assigned, and is still the property of the payee, must be verified by the oath of the defendant, swearing that he verily believes the assignment to be forged—and until this is done, plaintiff need not prove the assignment.

Error to the Circuit court of Greene.

Assumpsit on a promissory note.

The defendant in error, as the endorsee of Messrs. Brewster, Solomon & Co., brought an action of *assumpsit* against she plaintiffs, in the Circuit court of Greene; and in his declaration, as well as writ, described the plaintiffs as "late merchants, doing business under the name, style and firm of Beal & Bennett."

The cause of action was a promissory note, in these words:

"$974 38-100. *New York, Aug.* 23d, 1836.

"Twelve months after date, we, the subscribers, of

Erie, State of Alabama, promise to pay to the order of Messrs. Brewster, Solomon & Co., nine hundred and seventy-four 38-100 dollars, for value received.

(Signed,)                 BEAL & BENNETT."

In the declaration, it was stated, that the defendant in error was the endorsee of the note, and that by the endorsement, "the said Brewster, Solomon & Co., then and there, ordered and appointed the said sum of money, in the said promissory note specified to be paid to the said plaintiff, &c."

The only service of the writ, appearing on the record, was endorsed on the process, as follows:

" We acknowledge the legal service of this writ.

BEAL & BENNETT.

Aug. 26th, 1837."

In the Circuit court, James A. Beal, one of the plaintiffs in error, appeared and pleaded—

First—*Non-assumpsit*, in due form; and

Secondly—That the defendant in error was not the owner of the note sued on, or any part thereof, at the time of the commencement of the action, but the same was then, and still was, the property of Messrs. Brewster, Solomon & Co.

To these pleas, the defendant in error demurred; and his demurrer being sustained, and the plaintiffs declining to plead over, a judgment by *nil dicit* was rendered against them, in which it was recited, that the parties came by their attorneys, &c. " and the court being satisfied that service of the writ had been accepted by James A. Beal, who, in accepting the service, signed the name of Beal & Bennett, as it appears on the writ, and the de-

Beal & Bennett *vs.* Snedicor.

fendants saying nothing further in bar or preclusion of the plaintiffs said action against them. It is considered by the court, that the plaintiff recover of, and from the said defendants, the sum of one thousand and seventeen dollars, and sixty-eight cents, the damages in the declaration mentioned, besides his costs in this behalf expended," &c. The case was entitled, at the head of the entry of judgment, "Isaac C. Snedicor vs. James A. Beal and Washington W. Bennett."

COLLIER, C. J.—From the terms in which the connection between the plaintiffs is stated upon the record, it is clearly inferrable, that it had ceased to exist before the commencement of the action. They could not, with propriety, upon any other *hypothesis*, have been described as "*late merchants, partners*," &c. The case of Duncan vs. Tombeckbee Bank, (4 Porter's R. 185,) is directly in point, to show that such is a just interpretation of the terms.

The partnership, then, being at an end, the service of process on one of the plaintiffs, would not have operated as a service on both, within the meaning of our statute —(Aik. Dig. s. 57, p. 268; Duncan vs. Tombeckbee Bank, 4 Porter's R. 184.) It was even doubted, at one time, whether, during the existence of a copartnership, it was competent for one partner, without the concurrence of the others, to enter an appearance for the firm; unless all its members were served with process—(Hills vs. Ross, 3 Dall. R. 331, *dicta* of Chase and Iredell, justices; Taylor vs. Coryell & Co. Gow. on Partnership, appendix, 483.) But it never has been supposed, so far as our re-

search extends, that a partner possessed this power after
the dissolution of the partnership, as it respects antece-
dent contracts. The law is clear, that the authority
which exists during the continuance of a partnership,
from one partner to bind his co-partner, ceases on its dis-
solution. Indeed it would be a hardship to put a retired
partner in the power of his late co-partner, by authori-
sing the latter to pledge his credit *directly*, or to make
him a party defendant to suits without his consent.
Such an authority would be well calculated to dis-
courage all enterprise, depending for its successful prose-
cution, upon the association of capital.

We have, then, no hesitation in concluding, that the
acknowledgment of service of the writ by Beal, could
not have the effect to bring Bennett into court; but the
*entry of the judgment* shows, *in totidem verbis*, that both
the plaintiffs in error appeared, though but one pleaded;
so that it is immaterial what may be the truth in this
respect, the record is conclusive on the point, so far as
the action of this court is concerned. The plaintiffs be-
ing concluded by their appearance, there was no neces-
sity for the introduction of evidence by the defendant,
to show in what manner process was served; and though
it was irregularly served, as to Bennett, the *form* of the
judgment, as already shown, precludes him from taking
advantage of the irregularity.

In respect to the pleas, it will be observed, that the de-
murrer, whether intentional or not, objected to both, as
insufficient in point of law, and was sustained to both.
The first plea is *non-assumpsit*, in usual form. True,
the plea is pleaded by Beal alone, and denies that he un-

Beal & Bennett *vs.* Suedicor.

dertook and assumed in manner and form, as the plaintiff in his declaration alleged. The declaration charges him, as co-partner of Bennett, with having made the promissory note, and the note itself is *prima facie* evidence of his assumption, and throws on him the necessity of making good his defence by proof. To this plea, then, there is not the slightest objection; and we can only account for its having been demurred to, and the demurrer sustained, by its not being noticed, either by the counsel for the defendant, or the court. The second plea, we think, cannot be maintained. The act of eighteen hundred and nineteen, "to regulate the proceedings in the courts of law and equity in this State," enacts, "when any suit shall be instituted by any person or persons, as assignee or assignees of any bond or other writing, it shall not be necessary for the plaintiff or plaintiffs to prove the assignment or assignments, unless the defendant or defendants shall annex to a plea, denying such assignment or assgnments, an affidavit, stating that such defendant or defendants verily believe that some one or more of such assignments were forged, or make oath to the same effect in open court, at the time of filing such plea"—(Aik. Dig. s. 144, p. 283.) The direct tendency of the plea is, to controvert the endorsement of the note to the defendant in error, and in fact denies the allegation in the declaration, in which title is deduced from Messrs. Brewster, Solomon *&* Co. The term *endorsement ex vi termini*, when used in regard to commercial paper, implies a transfer, by writing thereon the name of the payee, or other subsequent party, in whom the legal interest is vested; and when it is said that the contents of

Beal & Bennett *vs.* Snedicor.

a note or bill *are ordered and appointed to be paid* to a particular individual, we are to understand that there is an express direction of the payment, or an assignment of title to him by the person endorsing—(Clawson vs. Gaston, 2 South. R. 321; Tyler vs. Binney, 7 Mass. R. 479; Lovell vs. Evertson, 11 Johns. Rep. 52; Norris vs. Badger, 6 Cowen's R. 449; Dugan vs. U. S. 3 Wheat. R. 173, 183.)

The second plea, as it puts in issue the fact of the assignment, should have been *verified by affidavit*, or have been sworn to in open court; neither of which modes of verification seem to have been observed; and it is bad in substance.

We will not enquire how far the matter of the plea presents an available defence, inasmuch as the point was not argued; nor will we consider whether it is bad, as stating facts, which, if a legal bar, are admissible under the *general issue.* These questions, we leave for future adjudication. For sustaining the demurrer to the first plea, the judgment is reversed, and the case remanded.