## MOORE AND MOORE v. PENN, use of the Huntsville Branch Bank.

1. When the Bank has not the legal title in a note, it may sue in the name of the person who has the legal title to its use.
2. Evidence that the Bank had no interest in a note, is irrelevant, unless a foundation is laid for its introduction—as for example, an offer to prove an off-set against a third person, as the true owner of the note.

Error to the Circuit Court of Madison.

Moore, for plaintiff in error.
McClung, contra.

ORMOND, J.—This was a suit brought by the defendant in error, as assignee of Gabriel Moore, for the use of the Branch Bank at Huntsville. It is now insisted that a suit cannot be thus instituted for the benefit of the Bank; but we are very clear that such is not the law. The Bank can only sue in its own name, where it has the legal title; and like any other person where it has only the equitable interest, must sue in the name of the person holding the legal title.

It was also offered by the defendant to prove in the court below, that the Bank had no interest in the note; which the Court excluded as irrelevant.

It does not appear from the bill of exceptions that this evidence was offered as the foundation of any defence which the defendant proposed to make, and was therefore properly excluded. It would doubtless have been proper testimony, if an off-set against the nominal plaintiff, or payment to him, had been the defence which the defendant desired to make to the note, but the mere isolated fact that the Bank had no interest in the note, was a matter wholly unimportant to the defendant, and therefore properly excluded.

Let the judgment be affirmed.