## FRAZER v. BROWNRIGG.

1. A plea to an action by an indorsee of a note, denying that the note is the property of the plaintiff, and asserting it to be in a different right, is a plea denying the indorsement, and under the statute is defective, in not being verified by the affidavit of the defendant, that he verily believes the assignment was forged.

Error to the Circuit Court of Sumter.

Assumpsit on a promissory note by Brownrigg as the indorsee, against Frazer, as the maker. The declaration states the note is made payable to one Harrald, or order, and that it was indorsed by him to the plaintiff. The defendant, in addition to the plea of non-assumpsit, pleaded the following plea, to wit: *Actio non*, because the defendant says, the note, the subject matter of the suit, is not the property of the plaintiff individually, but was before and at the time of his death, the property of one Edwin Brownrigg, now deceased, and is the property of the legal representatives of the estate of said Edwin Brownrigg, and that the cause of action, if any there be, accrued to the said Edwin, in his lifetime, and this, &c.

This plea was verified by affidavit, in these terms, to wit: Personally appeared in open court, Micajah Frazer who being duly sworn, says, that the plea by him secondly pleaded, to the best of his knowledge and belief, is true in substance and in fact.

The plaintiff demurred to the plea, and his demurrer was sustained by the court.

Afterwards, the cause was submitted to the jury on the other pleas, and a verdict returned for the plaintiff.

The overruling of this plea is the only error assigned.

A. GRHHAM, of Greene, and J. C. WILLIAMS, for the plaintiff in error, insisted the plea was good, and cited Dunham v. Ridgell, 2 S. & P. 402; Bryant v. Owen, Ib. 134; Evans v. Gordon, 8 Porter, 522; Pitts v. Keyzer, 1 Stewart, 154.]

R. H. SMITH, contra, argued—

1. That the plea was not good, because the affidavit was not in conformity with the statute. [Dig. 341, § 158.] The plea is in legal effect a denial of the indorsement. [Beal v. Snedicor, 8 Port. 528; Tarver v. Nance, 5 Ala. Rep. 712; Jennings v. Cummings, 9 Porter, 309.]

2. But if the plea is good, the defendant might have had the benefit of it, under the general issue, and therefore is not prejudiced by the error. [Evans v. Gordon, 8 Porter, 142; 5 Mason, 58; McKenzie v. Jackson, 4 Ala. Rep. 230]; Shehan v. Hampton, 8 Ib. 907; Rakes v. Pope, 7 Ib. 166.]

GOLDTHWAITE, J.—It is the settled rule in this court, that the legal effect of such a plea as is here in question, is only to controvert the fact of indorsement, and, if well pleaded, to put the plaintiff on proof of its genuineness. [Beal v. Snedicor, 8 Porter, 528; Jennings v. Cummings, 9 Ib. 309; Tarver v. Nance, 5 Ala. Rep. 712.] It is a mistake to confound this matter with the ordinary case of proving an interest in the payee, or even a third person, notwithstanding the indorsement. Such it was held, could be done, in Tipton v. Nance, 4 Porter, 194, and what is said in Evans v. Gordon, 8 Porter, 142, has reference to the same principle. So too in Bowen v. Snell, 9 Ala. Rep. 481, a plea alledging the interest of the note to be in a third person, against whom the defendant asserted a set off, was allowed. In Moore v. Penn, 5 Ala. Rep. 135, it was held inadmissible to show that one for whose use a suit is brought, had no interest in the note, unless it became necessary to prove some defence as against the true owner. Whether these decisions overrule that made in Byant v. Owen, 2 S. & P. 134, we will not at this time undertake to pronounce, but certainly they show that every defence may be asserted against the actual owner, independent of the mere name in which the suit is commenced. With this explanation of what has hitherto been decided, the pro-

priety of holding the plea, in this case, as a mere denial of the assignment, will be entirely apparent. All the decisions first referred to, show the plea is defective without an affidavit of its truth, but none determine the form or substance of the affidavit. Indeed the requisites of the affidavit are ascertained very precisely by the act itself, which declares the defendant shall annex to the plea an affidavit, stating that he verily believes that some one or more of the assignments were forged, or make oath to the same in open court, at the time of filing the plea. [Dig. 341, § 158.] It is evident this plea is not verified in the terms which the act demands, and is therefore bad. Judgment affirmed.