## AGEE & AGEE *vs.* MEDLOCK.

1. When the bill of exceptions, after setting out a charge requested by the defendant, concludes with these words: "which charge the court refused, and *the defendant excepted*," the exception applies only to the refusal to charge as asked, and cannot be extended to charges previously given.
2. A plea, averring that plaintiff was not, at the commencement of the suit, the legal owner of the note sued on, only puts in issue the genuineness of the endorsement, and must be verified by affidavit.
3. The holder of a note endorsed in blank may fill it up with any name he pleases.
4. In *assumpsit* by the endorsee of a promissory note, the fact that plaintiff is not the owner of the note is not a good defence under the general issue.
5. When issue is joined on several pleas, one of which presents an immaterial issue, if the evidence sustains that plea, the defendant is not entitled to a general verdict.

APPEAL from the Circuit Court of Monroe.
Tried before the Hon. LYMAN GIBBONS.

ASSUMPSIT by " Eliza Medlock, endorsee," against the appellants, on a promissory note for $540, executed by Agee, Dumas & Co., of which firm the appellants were partners, payable to Lucius Medlock, or bearer, for value received. The defendants pleaded, 1st, *non assumpsit;* 2d, payment; 3d, set-off; 4th, the statute of limitations of six years; 5th, that plaintiff was not, at the commencement of the suit, the legal owner of the note sued on; 6th, that plaintiff is not the owner of the note sued on, and was not at the commencement of the suit, but one Moses Medlock is the true owner of the same, and defendants have off-sets against him."

On the trial, after the plaintiff had read in evidence the note sued on, with the endorsement thereon, the defendants introduced evidence tending to show that the name of Eliza Medlock was inserted over the name of the endorser but a short time before the commencement of the suit; and then read in evidence the deposition of Lucius Medlock, the payee of the note, who testified, that he was the brother of said Eliza Medlock, and the son of said Moses Medlock ; that the note was given for money loaned to said firm by himself and

19

his father, about $240 belonging to witness, and the residue ($300) being advanced by his father; that the note was made payable to him at the request of his father, who was insolvent; that his father urged him to collect the whole amount of the note, but he refused to do so, because he had learned that there were unsettled accounts between his father and Agee, Dumas & Co.; that he collected his interest in the note, and afterwards endorsed it to his father by writing his name across the back of it.

"The court charged the jury, that, if they believed the note sued on was the property of Moses Medlock, and that the defendants had off-sets against him, such off-sets might be allowed to the extent they had been proven. Further, that, if they believed the note, at any time after it was due, became the property of Moses Medlock, then the law gave the defendants the right to set off any claim which they then had against him, and that right would pass, with the note, in the hands of any subsequent holder thereof, and existed in the hands of the present plaintiff. The defendants then asked the court to charge the jury, that, if they believed from the evidence that the note sued on was, at the commencement of the suit, the property of said Moses Medlock, and that Eliza Medlock was not the real owner, then the plaintiff could not recover in this suit; which charge the court refused, and the defendants excepted."

The appellants now assign for error, 1st, the charge given by the court, and, 2d, the refusal to charge as requested.

R. C. TORREY, for the appellants, contended that, as none of the pleas were demurred to, but issue joined on all of them, and as the evidence clearly established that the plaintiff was not the owner of the note sued on, the court could not withdraw that issue from the jury, and should have given the charge requested. He cited the following authorities:—Hazzard v. Purdom, 3 Porter 43; Pitts v. Keyser, 1 Stew. 155; Johnson v. English, ib. 169; Alday & Evans v. Jemison, 3 Porter 112; Bryant v. Owen, 1 ib. 203; Buttock v. Ogden, 13 Ala. 347; Hunt v. Stewart, 7 ib. 525; Birch v. Tillotson, 16 ib. 387; Bryant v. Owen, 2 Stew. & Por. 134; Stocking v. Toulmin, 3 ib. 35; Sykes v. Lewis, 17 Ala. 261; 8 Port. 142;

Agee & Agee v. Medlock.

Bancroft v. Paine, 15 Ala. 838; 3 U. S. Dig., p. 298, § 1036; 5 *ib.* 651, §§ 1130 to 1133.

WATTS, JUDGE & JACKSON, *contra*, insisted that the charge asked was properly refused, because it proposed what, under our statute and decisions, cannot be done without a sworn plea, whether demurred to or not; citing Beal & Bennet v. Snedicor, 8 Porter 523; 9 *ib.* 309; McWhorter v. Lewis, 4 Ala. 188; Riggs v. Andrews & Co., 8 *ib.* 628; Sawyer's Adm'r v. Patterson, 11 *ib.* 524; 3 *ib.* 326; Lazarus v. Shearer, 2 *ib.* 718; Fowlkes & Co. v. Baldwin, Kent & Co., 2 *ib.* 705; Bragg v. Nall, 14 *ib.* 629; Dew v. Garner, 7 Porter 503; Tarver v. Nance, 5 *ib.* 712.

GOLDTHWAITE, J.—We can only consider the questions presented upon the refusal of the court to give the charge requested by the appellants, as the exception taken applies to the action of the court on that point alone.—Andrews v. Broughton, 21 Ala. 200; Croft v. Ferrell, 21 *ib.* 351; Sammis v. Johnson, 22 *ib.* 690. The plea that the plaintiff was not, at the commencement of the action, the legal owner of the note sued on, was defective, under our decisions, for want of the affidavit required by the statute (Beal v. Snedicor, 8 Porter 523; Jennings v. Cummings, 9 *ib.* 309; Frazer v. Brownrigg, 10 Ala. 817); and the effect of these decisions seems to be, that such a plea only puts in issue the genuineness of the endorsement (Frazer v. Brownrigg, *supra*); and if so, it is disproved, when that fact is established. Here the endorsement of the note was fully proved. It was, it is true, made by the payee of the note in blank; but the effect of such an endorsement is, to authorize the holder to fill it up with any name he pleases.—Cope v. Daniel, 9 Dana 415; Kennon v. McRae, 7 Port. 175; Olcott v. Rathbone, 5 Wend. 494. As the *fact* of the endorsement was fully proved, and as the charge requested went, not to that fact, but to a matter independent of it, the argument of the counsel for the appellant, based upon the assumption that the evidence sustained the plea, fails, if the plea itself went no farther than to put in issue the genuineness of the endorsement.

Without reference, however, to the plea, the question is

presented, whether, notwithstanding the endorsement, if the plaintiff was not the owner of the note sued on, that fact would not be a good defence under the general issue. The reasoning of the judge who delivered the opinion in Bryant v. Owen, 2 S. & P. 134, is certainly in favor of the position; but we think that the cases to which we have referred in the former part of the opinion, which limit the effect of such a plea when pleaded specially to the act of the assignment only, virtually overrule this decision. When the possession of the note is not *mala fide*, and the only question is as to the right of the party suing to maintain the action, all that is necessary to prove is that the plaintiff has the legal title. The defendant is not deprived of any defence he may have against the real owner (Bowen v. Snell, 9 Ala. 481; Frazer v. Brownrigg, *supra*); and there is, on principle, no objection to a suit on a promissory note, on the ground that the plaintiff has no interest in it.—Gage v. Kendall, 15 Wend. 640; Guernsey v. Burns, 25 *ib*. 411; Aspinwall v. Meyer, 2 Sandf. Sup. Ct. R. 180; Brown v. Clark, 14 Penn. (2 Har.) 469. It was upon this principle that in Moore v. Penn, 5 Ala. 135, it was held inadmissible to show, that one for whose use a suit was brought had no interest in the note, unless it became necessary to prove some defence as against the actual owner.

It follows from what we have said, that the plea was bad, because, conceding for the sake of the argument that its effect was to put in issue the ownership of the note, such an issue would have been an immaterial one; and the rule established in Cullum v. The Bank, 4 Ala. 22, is, that if the evidence sustains such an issue, and other pleas are pleaded upon which issue is also taken, the defendant is not entitled to a general verdict.

In no aspect of the case can we perceive any error.

Judgment affirmed.