Nicholson, C. J.,
delivered the opinion of the Court.
This is a suit instituted by Wells against Mary A. Schoonover, as Executrix of Joseph Schoonover, on several notes made by Joseph Schoonover, payable to C. A. Stillman, and by him endorsed, after maturity, to Wells.
Among a number of pleas filed in the ease. was *806 one which denied the validity of the title to the notes. On this plea issue was taken, and ' on the trial the jury found the issue in favor of the defendant. The plaintiff appealed in error. The proof made by the defendant satisfied the jury that there was mala fieles in the transfer of the notes by Stillman, the payee, to Wells, and that Wells took the legal title to enable him to collect the notes for the benefit of Stillman. The fraud in the transfer consisted in the fact that Stillman had filed his petition in bankruptcy, and had not included these notes among his assets, but had assigned them to Wells to evade the operation of the bankrupt law. This proof was objected to by the plaintiff as irrelevant and incompetent, but 'the objection was overruled and the same allowed to go to the jury.
The case turns upon the question, Whether this' proof was properly admitted. It is not denied that the legal title to the notes passed by the endorsement from Stillman, the payee, to Wells, who brings the suit; and that the general rule is, that any one in possession of a bill or note payable to bearer, or endorsed in blank, even if he hold only as trustee or pledgee, is prima facie the holder, and may sue until his right is disproved. 2 Pars., N. & B., 437.
It is no defense to an action on such paper that the real title of it is in another person and not in the plaintiff. But it is insisted that there is an exception to this general rule, and that the fact's in proof bring the present case within the exception.
It is laid down as an exception to the general *807 rule stated, that if the possession of the plaintiff is mala fides, and may work some prejudice to the defendant, the holder’s title may be questioned. 2 Pars. N & B., 437. This exception is abundantly sustained by authority. But it rests on two grounds which must concur — first, the possession of the plaintiff must be mala fides; and second, it must appear that it may work some prejudice to the defendant.
The exception to the general rule is illustrated in the case of Moore v. Penn, 5 Ala., 135, in which it is said that the evidence that the plaintiff has no interest in the note is irrelevant, unless a foundation is laid for its introduction, as, for instance, an offer to prove an off-set against a third person as the true owner of the note. And in Whiteford v. Burchmeyer, 1 Gill 127, 145, Chamber, J., said: Courts will never inquire whether a plaintiff sues for himself or as trustee for another; nor into the rights of possession, unless on an allegation of mala fides.” The question then arises, Does the proof bring the present case within the exception? It makes out a ease of mala fides both on the part of Stillman and Wells, their object being to evade the operation of the bankrupt law, and to defraud Stillman’s creditors, who, under that law, would be entitled to the proceeds of the notes, the real title to which was in Stillman’s consignee in bankruptcy. But can this fraud work any prejudice to the defendant, whose . testator made the note? If she should have the notes to pay to Wells she is guilty of no fraud against Stillman’s assignee, or his creditors; unless she was notified by the as- *808 signee that he claims the notes. In that case she would pay them to Wells at her peril. But the mere fact that she has knowledge that Stillman has filed his petition in bankruptcy, imposes no obligation upon her to resist payment to Wells, who has the notes in possession, when there is no evidence that the assignee disputes his right to collect them, or that he sets up any claim to them. We are unable to see any way in which the defendant can be prejudiced by the mala fides of the plaintiff in taking the title to the notes.
If she really owes the notes, her payment of them to the holder, without any notice from the assignee of Stillman to withhold payment, would be a full acquittance to her, and that is the only interest she can have in the question.. We are, therefore, of opinion that the Court below erred in allowing the proof, and in rendering judgment on the special verdict based thereon.
The judgment will be reversed and the cause remanded for trial on the- other pleas in the case. .