## WHITEHEAD, BY NEXT FRIEND, *vs.* BROWN.

1. Where a mistake in a deed is shown by clear and satisfactory proof, a Court of Chancery will reform it, and decree an account against a party, who, with notice of the mistake, has purchased the property conveyed, and holds it in opposition to the rightful owner.

ERROR to the Chancery Court of Marion. Tried before the Hon. W. W. Mason.

THE bill in this case was filed by the plaintiff in error, by her next friend, against the defendant in error, to reform a deed, and for an account, &c. It alleges that William Smith, the father of the complainant, on the 3d November 1838, executed a deed of gift, by which he conveyed certain lands and a slave "to her, during her natural life, and after her death, to her heirs forever;" that at the time of its execution she was the wife of Archibald Whitehead, who was insolvent, and prodigal and wasteful, and that in consequence of this, it was the wish and design of the donor, and he so expressed himself before, at the time, and after the execution of the deed, to convey to her a separate estate in the property, free from the control of her said husband and exempt from liability for his debts; that the said donor was so anxious to do this, that he sent one of his sons to Tuscaloosa, a distance of fifty miles, to procure the services of an able and experienced lawyer in drafting said deed, and at the time of its execution, both he and the complainant fully believed that the deed conveyed to her a sole and separate estate, but that since the death of the donor she has been advised, that the attorney employed, either through mistake or want of sufficient skill, did not, in drawing said deed, so draw it as to carry out the intention of the donor; and that Brown, the defendant, with full notice of her rights and claim to the property, has caused an execution, in his favor against her said husband, to be levied on said slave, and the said slave to be sold, at which sale he himself became the purchaser, &c.

With this statement, and the facts stated in the opinion, the case will be fully understood. The chancellor dismissed the bill on the final hearing, which is now assigned as error.

No counsel for the plaintiff.

Coggin & Earnest, for the defendant:

That the Chancery Court has the power to reform a deed, so as to carry out the will of the donor, under certain circumstances, is not controverted. But the facts in this case will, and do interpose a barrier to the relief here sought. Here the party permits Whitehead to hold the property to obtain credit on the faith of that property, and after the property is sold, and the judgment credited, and the sheriff's bill of sale executed and property delivered, they seek to come into this court and by manifest inequity reform the deed. If the equity of Brown attached by his crediting Whitehead on the faith of this property, the party could only reform the deed by or after paying Brown's debt. His equity is superior to the complainant's, and must hold it. Again, has not the acquiesence of the complainant for so many years perfected the title in her husband, and in a bill between complainant and her husband would not the court say that complainant was estopped by her acquiesence? But there can be no question but that she is estopped between herself and Brown, a judgment creditor.

PARSONS, J.—As the deed was written, it conveyed the property to the complainant, during her natural life, and afterwards to her heirs, without any exclusion of her husband. His marital rights, therefore, attached.

But it is fully and strongly stated in the bill that her father, the grantor, intended to exclude the husband wholly; that he took unusual trouble about the preparation of the deed with that view, and that from the time of its execution, he and the complainant rested satisfied that such was its effect, until after his death, the complainant was disturbed in the enjoyment of her property, and upon inquiry, ascertained that her separate rights were not legally secured by the deed, as it was drawn. The bill has two objects—to reform the deed, and to be relieved against the defendant Brown. As to the first of these objects, and it extends to all the property that was conveyed, it can only be attained when the evidence is clear and satisfactory. The answer in this case merely puts the complainant upon proof of her case, as it does not, upon any personal knowledge of the defendant, deny the intentions of the grantor, or his mistake as to the effect of the deed which he executed. To our minds,

the deposition of Jasper Smith is conclusive of both. If his deposition be true, the grantor intended to exclude the husband entirely, and took unusual trouble to accomplish that object, and executed the deed under the belief that he was doing so. The witness is not discredited, but is sustained, on the contrary, by all the probabilities of the case. It is alleged by the bill, and not denied by the answer, that her husband was a man of prodigal habits and had squandered what her father had previously given her. It is also alleged that she and her father remained satisfied that her rights were secured, and the answer admits neighborhood rumors to the effect that the property was hers. Whence these rumors, unless from what the parties said at and after the time when the deed was made? The rumors induced Brown, the defendant, to examine the deed, as stated in his answer, by which he meant, we presume, that he examined the books where it was recorded; for it is to be infered from his answer, and from the omissions of his answer, that in view of his own policy, he forebore to ask the complainant, or any friend of hers, any thing about it.

We are entirely satisfied from the bill, answers and evidence, that the parties intended by the deed to settle a life estate upon the complainant, free from the engagements or control of her husband, and not liable to his creditors, and that, in this respect, it was drawn and executed under a mistake, which was not ascertained, until after Brown disturbed the complainant in the enjoyment of the property.

In the next place, besides reforming the deed as to all the property, she prays particular relief against Brown. He had executions against her husband, and caused them to be levied on the slave conveyed by the deed, and the slave was sold and he became the purchaser, and has had the possession and services of the slave ever since. The fact that he caused the levy to be made, and purchased with full notice of her claim, is very clear. He admits, as already mentioned, that there were rumors of her separate right to the property. This induced him to examine the record, or the deed, as stated in his answer, but even this he does not prove. Also, that in consequence of the rumors he had to indemnify the sheriff. Besides, there are omissions in his answer which, as settled in this State, have the effect of admissions, as they relate to matters within his knowl-

edge, and which are stated in the bill.  She gave express no-
tice of her claim to the property at the sale and forbade the sale,
when he was the purchaser, and this he omits to deny.   I have
done no more than to state the case, because the case of Stone,
Trustee, v. Hale, et al., 17 Ala. 557, shows clearly that the
complainant has a right to have the deed reformed and to be re-
lieved against Brown.

The decree is, therefore, reversed and the cause remanded,
to the end that an account may be taken and a decree finally
rendered in conformity with this opinion, and if the personal
representatives and heirs of the grantor are necessary parties—
a question which, at this time, is not material, and we do not de-
cide it, as it has not been argued,—they can be made parties in
the court below.