[Turner v. McFee.]

# Turner *v.* McFee.

## *Trover for Conversion of Horse.*

1. *Evidence; admissibility of.*—The identity of a horse, described in a mortgage as an "iron grey colt," being in issue, a witness testified that "he believed the horse [in defendant's possession] was the same animal as that described in the mortgage, though he could not state of his own knowledge that it was the same; that the horse had no marks or distinct features, whereby he could recognize him from any other grey horse, but he believed he was the same horse described in the mortgage, and was satisfied he was the same,"—*held:* not error to refuse to exclude such testimony, in the absence of proof, by cross-examination or otherwise, that the witness was ignorant of the matter about which he testified, or spoke merely at random.

2. *Mortgage; what sufficient consideration.*—One's own debt, though past due, is always a sufficient consideration to support his mortgage to the creditor to secure the debt; and as to parties and privies is as effectual, as if made upon an adequate new consideration.

3. *Mortgage; registration of; what will not avoid effect of.*—A mortgage duly filed for record and recorded, will not lose the privileges conferred by the registration statutes, because of the failure of the probate judge to properly note it in the index, which the law requires him to keep.

APPEAL from Circuit Court of St. Clair.

Tried before Hon. W. L. WHITLOCK.

The appellant, McFee, brought trover against Turner for the conversion of an "iron grey colt." A trial was had in February, 1877, resulting in verdict and judgment against Turner, who reserved exceptions, and brings the case here by appeal.

On the trial, plaintiff offered in evidence a mortgage executed to him on the 18th day of January, 1870, by one John Collins, which conveyed certain lands and other personal property, and "one iron grey colt." This instrument recites that it is given "as security, for the payment of a certain promissory note, executed by said John Collins to said Mc-Fee, on the 23d day of February, 1860, payable one day after date, for the sum of $1346," and provides, in default of payment before the first day of January, 1872, that McFee might enter and sell, &c. This instrument was duly executed and acknowledged, and filed for record and recorded in the office of the probate judge of the county on the 8th of February, 1870. The defendant objected, on the ground that it was executed without any consideration; that under the instrument, no title or interest in the property therein de-

scribed passed to the plaintiff, and that said mortgage was executed for a wholly past consideration. The court overruled the objection, and admitted the mortgage in evidence, and the defendant excepted.

Ramsey, a subscribing witness to the mortgage, testified that "there was an iron grey horse or an iron grey colt described in said instrument, which he believes to be now in the possession of defendant—the one described in the complaint—but could not state of his own knowledge that it was the same horse; that the horse had no marks or distinct features in the way of color, whereby he could recognize him from any other grey horse or colt, but he believes him to be the same iron grey horse described in the mortgage, and was satisfied that he is the same horse." The defendant "objected to the witness giving his belief as evidence, and requested the court to exclude the belief of the witness from going to the jury as evidence; which objection the court overruled, and allowed the belief of the witness to go to the jury as evidence," and defendant duly excepted.

One Roberts testified that "he knew the grey horse mentioned in the mortgage; that he thought it was the same horse which is now in the possession of the defendant, but could not state of his own knowledge that it was." The defendant objected "to this statement of the witness, that he thought it was the same horse mentioned in the mortgage, being given to the jury as evidence; which objection was overruled, and the testimony of the witness as stated was allowed to go to the jury—to which ruling defendant excepted." McFee never had possession of the horse. The proof showed that the mortgage was executed for the consideration therein stated, without any renewal of the note. The "proof also showed that defendant did not obtain the horse from Collins, and failed to show when the horse went into defendant's possession, but that he obtained possession before 1875." There was evidence tending to show that defendant converted the horse, and the value thereof.

Defendant introduced the present probate judge of the county, and proposed to prove by him, that notwithstanding the mortgage was recorded by his predecessor on the 8th day of January, 1870, "the record of such instrument was not mentioned or indexed in the index to the book in which the mortgage was recorded, or in any other index kept in his office, until the year 1875, after Collins' death, and after parties interested had searched for the same in the office, and not until the mortgage was produced, and witness

[Turner v. McFee.]

thus enabled to find where it was recorded, was the record of it properly indexed in 1875." On objection of plaintiff, the court excluded the proffered evidence and defendant excepted.

The court charged the jury, in substance: 1st, if they believed from the evidence that the horse described in the complaint, is the horse mentioned in the mortgage, they should find for the plaintiff; 2d, that as to the parties and privies to the mortgage, or those holding under them, the mortgage was not without sufficient consideration, though the note secured by it was past due and not renewed, and upon the execution of the mortgage the legal title to the property therein described, passed to the plaintiff. The defendant duly excepted to the giving of each of these charges, and now assigns as error the various rulings to which he excepted.

JOHN W. INZER, and L. F. BOX, for appellant. The consideration for the mortgage was wholly executed and passed, and not sufficient to support it.—*Shaw v. Boyd*, 1 Stew. & Por. 83; *Dockery v. Hall*, 9 Ala. 128; 38 Ala. 706; *Jackson v. Jackson*, 7 Ala. 91; *Boyd v. Beck*, 29 Ala. 703. The opinion or *belief* of the witnesses was not competent evidence. Registration operates constructive notice, only when made in conformity to the statute. Depositing a mortgage for record constitutes notice only so long as the instrument itself remains on the file—the fact of deposit ceases to be notice after the instrument is taken away. In order to constitute notice, the mortgage must be properly recorded in proper books kept for that purpose. Subdivision 792 of Revised Code, directs what must be done to constitute proper recording, when it requires direct and reversed indexes. The failure to index is a breach of the judge's bond; it is not the fault of the defendant. Without proper indexing there is no recording entitled to the statutory privileges.

JOHN W. BISHOP, and BRADFORD & BRADFORD, *contra*.

MANNING, J.—This was an action of trover by a mortgagee for a horse claimed as a part of the property conveyed by a mortgage-deed of one Collins to him. Ramsey, a subscribing witness to the mortgage, which was made five or six years before, testified that he believed the horse in controversy was the same animal described in that instrument as

[Turner v. McFee.]

an iron grey colt; that he could not state of his own knowledge that it was the same horse; that the horse had no marks or distinct features in the way of color whereby he could recognize him from any other grey horse, but he believed him to be the same iron grey colt or horse described in the mortgage, and was satisfied he was the same. Exception was taken to the refusal of the court to rule out this evidence.

We think the court did not err. A considerable time had probably elapsed since the witness had seen the horse, for which reason he may have been reluctant to be positive in affirming that about which it was possible he might be mistaken. The subject of his testimony, the identity of a horse—was one requiring the exercise of both judgment and memory. If appellant's counsel distrusted the witness, they ought to have cross-examined him to make it apparent, if the fact was so, that he spoke at random. We well know that though a horse may have "no marks, or distinct features in the way of color, whereby a person could recognize him from any other grey horse"—yet there is a carriage, an action, a style about such animals, by which those of the same color may be known from one another, though the differences can not be very intelligibly described to a jury. As it is generally easy for a defendant who has such an animal, to show from whom he got him—and from whence he came, such evidence as that given by this witness, ought not to have been ruled out without something more being elicted, to show that he was ignorant of the matter he testified about.

The same observations are applicable to the evidence of Robinson, "who testified that he knew the grey horse mentioned in the mortgage, and thought it was the same horse now in the possession of defendant." There being no cross-examination, nothing elicited from, or spoken by the witness showing that he was testifying ignorantly, there was no error in refusing to rule out his testimony.

It is objected as error, that the mortgage was allowed to be introduced as evidence, although it appears therefrom as well as by testimony, to have been executed to secure payment of a debt past due. This, it is contended, shows that there was no consideration to support it; and objection was made to it for that reason. This is not a controversy with a creditor or *bona fide* purchaser assailing the mortgage as made to hinder and delay or defraud; but it is contended that being executed as a security for a past-due indebtedness of Collins, the mortgagor, it was not valid against him.

[Boykin v. Cook.]

The authorities cited do not sustain this proposition. They are cases in which a third person without any new consideration, signed either a note previously made and delivered, or a new note or other security, for the payment of another person's pre-existing debt. No case can be found in which a man's own debt has been ruled to be an insufficient consideration between him and his creditor, for a mortgage or other security received by the latter from his debtor.

The failure of the recording officer to have the mortgage when recorded, properly noted in the index he is required to keep, is not to be charged as a fault against the mortgagee. Code of 1876, § 2149 (1539). "This statute relieves a party who has done all that is devolved upon him by the law, from the consequence of the failure of the probate judge to discharge his duty, or of the imperfect manner in which he discharges it. The conveyance being operative as a record from the time of its delivery to the judge, no subsequent mistake of his could deprive it of the operation thus given it by law."—*Mims v. Mims*, 35 Ala. 25.

We find no error in the record, and the judgment is affirmed.