# Dulin *v.* Hunter.

*Trover by Senior Mortgagee, Against Assignee of Junior Mortgagee Without Notice.*

1. *Rights of assignee; different doctrines in regard thereto.*—Different doctrines prevail in different jurisdictions in respect to the rights of an assignee of a mortgage debt, *not evidenced by negotiable paper.* In some States, the rule is, that the purchaser of such mortgage succeeds only to the rights of the mortgagee, and takes it subject to all equities, both between the mortgagor and the mortgagee, and also between the mortgagee and third parties.

2. *Same; doctrine in Alabama.*—In other States, the assignee of a mortgage intended as security for a debt, which is not negotiable, stands in the light of an assignee of a mere *chose-in-action*, and is chargeable only with notice of equities existing between the *mortgagor and mortgagee;* which latter, is the doctrine adopted and established in this State.

3. *The rule in Alabama as to rights of an assignee,* is, that defenses and equities existing between a mortgagee and third persons, will not affect the rights of an assignee of the mortgage, unless he had notice thereof at the time of the assignment; and, that the assignee for value of a subsequent mortgage, without actual notice of a prior un-recorded mortgage, is not prejudiced by the fact that his assignor, the second mortgagee, took with notice of the first mortgage.

APPEAL from Chambers Circuit Court.

Tried before the Hon. J. R. DOWDELL.

Mrs. E. W. Hunter brought an action of trover against W. M. Dulin to recover damages for the conversion by said defendant of a bay mare, which plaintiff claimed as her property. In support of her claim, the plaintiff offered in evidence a mortgage made to her by one J. L. McCain, on the 19th January, 1891, and filed for record in the office of the judge of probate of Chambers county March 14th, 1891, and which conveyed to her the bay mare in controversy. Her debt, this mortgage was given to secure, was proved.

The defendant offered in evidence a mortgage on the same property, the bay mare, executed by said J. L. McCain and one J. T. Peed, on the 21st January, 1891, to M. W. Carlisle & Bro., which was filed for record in the Probate Court on the same day of its execution, and which he testified was transferred and assigned to him by said Carlisle & Bro., for value, on the 7th day of February, 1891. It was shown, without dispute, that at the time Carlisle & Bro. received said mortgage they had notice of Mrs. E. W. Hunter's mortgage, but it was admitted that the defendant, Dulin, had no notice of plaintiff's prior mortgage at the time he purchased from Carlisle & Bro. their subsequent mortgage.

In the general charge, the court instructed the jury, that if they believed from the evidence that Carlisle & Bro. had notice of the existence of Mrs. Hunter's mortgage at the time they took their mortgage, their notice would be chargeable to Dulin, though the latter had no notice, either actual or constructive, and they must find for the plaintiff. To this part of the court's charge the defendant excepted.

The defendant requested the general charge, that if the jury believed all the evidence, they should find for the defendant; and further, (2), "If the jury believe from the evidence that Dulin had no notice of Mrs. Hunter's mortgage, then they must find for the defendant." Both these charges

[Dulin v. Hunter.]

were refused, and the defendant separately excepted, and assigns said rulings of the court as error.

J. M. & E. M. OLIVER, for appellant.—1. The court should have given the affirmative charge for the defendant. There was no conflict in the evidence; and, by the assignment of the mortgage to him, the defendant took the legal title to the mortgaged property freed from all equites of which he had no notice.—*Tison v. People's B. & L. Asso.*, 57 Ala. 323; *Graham v. Newman*, 21 Ala. 497; *Coleman v. Smith*, 55 Ala. 468; Jones' Chat. Mort. §§ 501, 513.

2. A purchaser without notice from one with notice is protected.—Wade on notice, §§ 61, 241.

N. D. DENSON, for appellee.—1. If Carlisle & Bro. had notice at the time they took the mortgage on the mare, that Mrs. Hunter had a prior mortgage on the animal, Dulin, the assignee of the Carlisle & Bro. mortgage, took the place of his assignors, and is chargeable with the notice they had. Jones on Chat. Mort. (32d ed.) 513; 18 N. J. Eq. 481; 37 *Ib.* 588; 83 N. Y. 215; 50 N. 61; 117 Ill. 282.

McCLELLAN, J.—In respect of the rights of an assignee of a mortgage securing indebtednesss *not evidenced by negotiable paper*, there are two distinct lines of authority establishing different doctrines in their respective jurisdictions. In New York, and perhaps in one or two other States, the rule is, that the purchaser of such a mortgage succeeds only to the rights of the mortgagee, and is chargeable with notice of, and takes subject to, the equities existing, not only between the mortgagor and mortgagee, but also between the latter and third persons, at the time of the transfer.—*Bush v. Lathrop*, 22 N. Y. 535.

In other States—Pennsylvania, New Jersey and Michigan among them—the assignee of such a mortgage is chargeable only with notice of equities existing between the *mortgagor and mortgagee*, and this limitation is based on the consideration that an assignee can readily inquire of the mortgagor what claims he may have against the debt and mortgage which the assignee is about to purchase, but he may not be able by the utmost diligence to acquire knowledge of the latent equity of some third person.—15 Am. & Eng. Encyc. of Law, pp. 860–1. And this is the view taken by Chancellor Kent in *Murray v. Lylburn*, 2 Johns. Chan. 441, and declared in a dissenting opinion delivered by him as chief justice in the case of *Bebee v. Bank of New York*, 1 Johns. (N.

[Dulin v. Hunter.]

Y.) 529. This court is committed to the doctrine last stated. In the case of *Tison and Gordon v. People's Saving and Loan Asso.*, 57 Ala. 323, 331, the rule is thus declared by BRICKELL, C. J.: "The assignee of a mortgage, intended as security for a debt which is not negotiable, stands in the light of an assignee of a mere *chose* in action. The general and well-settled principle is, that the assignee of a *chose* in action takes it subject to all the defenses and equities existing against it at the time of the assignment. The rule is generally supposed to extend only to the equities and defenses of the mortgagor, and not an equity residing in some third person against the assignor, of which the assignee has no notice;" citing among other cases that of *Murray v. Lylburn*, *supra*, and quoting from the opinion of Chancellor Kent therein, as follows: "The assignee can always go to the debtor, and ascertain what claims he may have against the bond, or other *chose* in action, which he is about to purchase from the obligee; but he may not be able, with the utmost diligence, to ascertain the latent equity of some third person against the obligee. He has not any object to which he can direct his inquiries; and for this reason, the claim of the assignee, without notice, of a *chose* in action was preferred in the late case of *Redfrain v. Ferrier* (1 Dowe's Rep. 50), to that of a third party setting up a select equity against the assignor. Lord Eldon observed in that case, that 'if it were not to be so, no assignment could ever be taken with safety'." And this doctrine was re-affirmed in the later case of *Gold-thwaite v. National Bank*, 67 Ala. 549, 554, where it is said by CLOPTON, J., for the court: "While it is true that the assignee of a paper, not negotiable, takes it subject to all the equities to which it was subject in the hands of the assignor, this is here understood to mean the equities existing between the original parties, and not equities which may arise as to other parties in the course of the transfer;" citing *Tison & Gordon v. P. S. L. Asso.*, *supra*.

We conceive these cases to have established in this State the rule, that defenses and equities existing between a mortgagee and third persons will not affect the rights of an assignee of the mortgage, unless he had notice thereof at the time of the assignment, and that an assignee for value of a subsequent mortgage, without actual notice of a prior unrecorded mortgage, is not prejudiced by the fact that his assignor, the mortgagee, took with notice of the first mortgage.

The evidence was without conflict that the mortgage under which plaintiff claims title to the property in suit was not recorded until after the defendant became a purchaser for

[Hollingsworth, et al. v. Walker.]

value of the mortgage under which he claims title thereto. This state of the case imposed on plaintiff the *onus* of proving that the defendant purchased with notice of the prior incumbrance. The *onus* was not discharged by proof that defendant's assignors had such notice when the second mortgage was executed. There was no evidence that defendant himself had such notice. The plaintiff therefore failed to make out her case ; and the court erred in refusing to give the affirmative charge, and charge 2 requested by defendant, as also in that part of the general charge to which an exception was reserved.

Reversed and remanded.