(76 South. 117)

VOGLER et al. v. MANSON. (6 Div. 526.)

(Supreme Court of Alabama. May 17, 1917.)

1. APPEAL AND ERROR ⬦917(1) — PRESUMPTIONS—MATTERS NOT OF RECORD—DEMURRER —GROUNDS.

If demurrers were sustained, and are not shown in the record, it must be presumed that any tenable ground of objection was taken thereby.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3706.]

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

2. APPEAL AND ERROR ⟲⟹1040(7)—HARMLESS ERROR—SUSTAINING DEMURRER.

No harm results from sustaining a demurrer to a plea, where evidence which might have been introduced under it was admissible under other pleas.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4094, 4097.]

3. BILLS AND NOTES ⟲⟹358 — BONA FIDE PURCHASERS—PRE-EXISTING DEBT.

Under Code 1907, § 4982, section 5007, subd. 3, and section 5012, a holder otherwise in due course is a bona fide holder of negotiable paper for value, though he has taken it as collateral security for pre-existing debt.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 913–923, 961.]

4. BANKS AND BANKING ⟲⟹135 — INSOLVENCY—APPLICATION OF DEPOSITS

Where maker of a note makes deposits in payee bank to credit of her minor children for purpose of accumulating funds for payment of note, they are lost to depositor where bank fails before they are transferred as credit on it.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 375–379.]

5. BILLS AND NOTES ⟲⟹376—BONA FIDE PURCHASERS—USURY.

The demand of a holder of note in due course is not subject to be abated as to legal interest by reason of the fact that the transaction between the original parties was tainted with usury.

[Ed. Note.—For other cases, see Bills and Notes. Cent. Dig. §§ 982–984.]

Appeal from Circuit Court, Cullman County; R. C. Brickell, Judge.

Assumpsit by H. T. Manson against Mrs. H. E. Vogler and P. G. Hartun. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

The note is described as one made by the two defendants, and another not sued, because dead, payable to the German Bank, at the German Bank of Cullman, Ala., on October 30, 1914, and that the note, for a valuable consideration and before maturity, had been duly assigned and transferred by indorsement in writing on the back thereof in blank, and that it was the property of plaintiff, and purchased in due course.

Emil Ahlrichs, of Cullman, for appellant. George H. Parker, of Cullman, and Eyster & Eyster, of Albany, for appellee.

SAYRE, J. [1, 2] Action on a negotiable promissory note by appellee against appellants. By the indisputable record it appears that the demurrers filed against defendants' several pleas on September 27, 1915, were ruled in favor of the defendants, appellants. It also appears that demurrers to the pleas numbered 8, 9, and 10 were allowed to be filed on March 14, 1916, and these demurrers were sustained. But these demurrers are not found in the transcript of the record, and we cannot know what ground they took against the pleas. The ruling as to the eighth plea is not assigned for error, while the brief for appellants concedes, in effect, that the ninth and tenth pleas were bad, but alleges that the true ground of objection to them was not taken by the demurrers, as the statute requires. In the state of the record, here appearing, we must presume that plaintiff availed himself of any tenable ground of objection to these pleas. We may add that these were pleas of payment in a certain sort, and no harm could have come to appellants by the rulings against them, for there was another plea of payment, under which any evidence of payment may have been introduced, and every indication afforded by the bill of exceptions points to the conclusion that appellants suffered no restriction whatever in the adduction of evidence on this point.

[3] Formerly it was the law of this state—settled by the decisions of this court which, it may be conceded, were against the weight of authority elsewhere—that one who held negotiable paper taken as collateral security for a pre-existing debt was not a bona fide holder for value, and not entitled to protection against equities and defenses existing between prior parties. Connerly v. Planters' & Merchants' Ins. Co., 66 Ala. 432, and cases cited; 2 Encyc. Dig. p. 374, § 209. But it results from some definitions contained in the Uniform Negotiable Instruments Law, adopted in this state in 1907 (Code, §§ 4958–5143), that our law on the point mentioned above has been changed, so that now a holder, otherwise in due course, is not deprived of the advantage of his position as a bona fide holder for value by reason of the fact that he has taken the paper as collateral security for a pre-existing debt. These definitions are as follows:

Section 5007: "A holder in due course is a holder who has taken the instrument under the following conditions," among others nominated in the section: "(3) That he took it in good faith and for value."

Section 4982: "An antecedent or pre-existing debt constitutes value, and is deemed such, whether the instrument is payable on demand or at a future time. Where value has at any time been given for the instrument, the holder is deemed a holder for value in respect to all parties who became such prior to that time."

And section 5012: "A holder in due course holds the instrument free from any defect of title of prior parties, and free from defenses available to prior parties among themselves, and," to quote the original statute for the remainder of the section (Acts 1907, p. 671), "may enforce payment of the instrument for the full amount thereof against all parties liable thereon."

This change in the law was overlooked in Miller v. Johnson, 189 Ala. 354, 66 South. 486, and on this point the court there fell into error. Further, it will be noted, as pertinent to the rights of the plaintiff, that:

"A holder who derives his title through a holder in due course, and who is not himself a party to any fraud or illegality affecting the instrument, has all the rights of such latter."

---

[4] It was clear upon the evidence, and without contradiction, that the Hanover National Bank, from which plaintiff derived title by purchase at a sale for the foreclosure of the collateral held by it, was a holder in due course, and that plaintiff himself was not a party to any fraud or illegality affecting the instrument. The only debatable question is whether there was any evidence of payment that should have taken that issue to the jury. There was evidence going to show that, notwithstanding the payee, the German Bank of Cullman, had pledged plaintiff's obligation with the Hanover Bank, the German Bank had authority to collect the note for account of the Hanover Bank, and the defendant Vogler, testifying as a witness in her own behalf, evidently intended to produce the impression that certain deposits made from time to time with the German Bank to the credit of her minor children had been accepted by the bank as payments on the note in suit. But we feel constrained to agree with the court below in what appears to have been its conclusion, viz. that, while Mrs. Vogler may have intended by means of these deposits to accumulate a fund for the payment of this note, it appears from her own evidence that the deposits were in fact just what they purported to be—i. e., deposits to the credit of her minor children—and were never at any time transferred as credits upon her note. Hence we hold, regretfully, that when the German Bank failed the deposits to which we have referred were lost to Mrs. Vogler and her children, that there was no authority in law or fact for their application as payments upon the note in suit, and therefore that appellee was entitled to the general affirmative charge which was given on his request.

[5] It results, also, from what has been said, that, since plaintiff acquired the rights of a holder in due course, his demand on the paper held by him was not subject to be abated as to legal interest by reason of the fact that the transaction between the original parties—i. e., defendant and the German Bank of Cullman—had been tainted with usury.

Affirmed. All the Justices concur.