(83 South. 33)

**ELLEDGE et al. v. FUNKE.   (8 Div. 120.)**

(Supreme Court of Alabama.   June 30, 1919.
Rehearing Denied Oct. 23, 1919.)

QUIETING TITLE ⬀12(1)—POSSESSION ESSEN-
TIAL TO ACTION TO REMOVE CLOUD.

In suit to cancel a deed as a cloud on com-
plainant's title, and to enjoin respondents from
trespassing on the land or removing timber, it
is essential that complainant allege and prove
his actual possession of the land at the time
of filing of the bill; right to relief and juris-
diction being dependent thereon.

Appeal from Circuit Court, Colbert Coun-
ty; C. P. Almon, Judge.

Suit in equity by Ferdinand Funke against
J. M. Elledge and another.   From a decree
for complainant, respondents appeal.   Re-
versed and rendered.   '

Kirk & Rather, of Tuscumbia, for appel-
lants.

James H. Branch and A. H. Carmichael,
both of Tuscumbia, for appellee.

SOMERVILLE, J.   The bill of complaint
is filed to cancel a certain deed to 40 acres
of land, executed by one Mack Gipson to the
respondents, Elledge and Jeffries, as a cloud
on complainant's title, and to enjoin said re-
spondents from trespassing on the land or
removing timber therefrom.   The bill admits
that the legal title to the land was formerly
in respondents' predecessor and privy in es-
tate, but alleges that it had been divested by
complainant's adverse possession for 10 and
20 years, and that complainant is in posses-
sion of the land.

In a case of this character it is, of
course, essential that the complainant allege
and prove his actual possession of the land
at the time of the filing of his bill.   Jones v.
DeGraffenreid, 60 Ala. 145;   Belcher v.
Scruggs, 125 Ala. 336, 27 South. 839.   The
right to relief, and, indeed, the jurisdiction
of the court, is dependent upon that fact.

We have examined the testimony with
critical care, and we are constrained to hold
that complainant has not met the burden of
proof upon this issue.   In fact, we are satis-
fied that, whatever acts of ownership com-
plainant may have exercised on previous' oc-
casions, respondents were in the actual pos-
session of the land, under a regular chain of
title, and bona fide claim of ownership, when
this suit was begun, and that complainant
had been effectually disseised by them.

On the evidence, we think complainant
should have resorted to an action of eject-
ment and recovered the possession, before re-
sorting to this remedy.   A discussion of the
evidence would be tedious and useless, and
we shall not undertake it.   Let the decree of
the circuit court be reversed, and a decree

here rendered, denying relief and dismissing
the bill of complaint.

Reversed and rendered.

ANDERSON, C. J., and MAYFIELD and
THOMAS, JJ., concur.