(96 South. 206)

## FIRST NAT. BANK OF ATHENS v. LAUGHLIN et al. (8 Div. 505.)

(Supreme Court of Alabama. May 3, 1923.)

1. **Banks and banking** ⬳116(2)—**Notice to cashier held notice to bank notwithstanding cashier's interest.**

In a suit on a note, plea that it was signed by defendant for accommodation of plaintiff's cashier, and not to be delivered to plaintiff until signed by the cashier, and that plaintiff, with notice, acquired the note without its being first signed by the cashier, set up a good defense; the rule that notice to an agent is not notice to the principal in matters as to which the agent is personally interested being subject to the limitation that the notice is imputable to the principal if the agent is the sole representative in the transaction.

2. **Bills and notes** ⬳94(1)—**Note given for antecedent debt held not wanting in consideration.**

Under Code 1907, §§ 4981, 4982, and 4984, the fact that a note was given for an antecedent debt did not render it wanting in consideration.

Appeal from Circuit Court, Madison County; Osceola Kyle, Judge.

Action by the First National Bank of Athens, Ala., against O. J. Brooks and H. C. Laughlin. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

The complaint declares upon a promissory note executed by the defendants to the plaintiff.

Pleas 3, 4, 5, 6, and 8 filed by defendant Laughlin are as follows:

"(3) The plaintiff ought not recover against this defendant on the note here sued on because this defendant signed his name to said note upon the following conditions, to wit: That said note was not to be a binding obligation on him until it was signed by C. E. Frost. And this defendant says that said note was signed by him for the accommodation of the said Frost, and that after he signed said note he sent the same to the said Frost upon the condition that the note was not to be delivered to the plaintiff until it had been signed by the said Frost. And this defendant further said that the said Frost was then and there the cashier of the plaintiff and knew of the condition upon which this defendant had signed said note, and the plaintiff with such knowledge and notice, and acting through its said cashier as aforesaid, acquired such note without the same being first signed by the said Frost.

"(4) The plaintiff ought not to recover against this defendant on the note sued on, because this defendant signed his name to said note 'upon the condition that it was not to be a binding obligation on him until the same had been signed by C. E. Frost; that he signed the same for the accommodation of the said C. E. Frost, who was then and there the cashier of the plaintiff and acting as its sole agent in said transaction, and the defendant alleges that the said Frost knew of the condition upon which this defendant signed his name to said note, and that the plaintiff, with such knowledge and notice, and acting through the said cashier as aforesaid, acquired such note without the same being first signed by the said Frost.

"(5) The plaintiff ought not to recover of this defendant on the note here sued on because this defendant signed his name to said note upon the condition that it was not to be delivered to the plaintiff until it was signed by C. E. Frost, for whose accommodation this defendant signed said note, and who was then and there acting as the sole representative of the plaintiff in said transaction, and this defendant says that the said Frost, well knowing said condition upon which this defendant signed said note, and while acting as the plaintiff's sole representative in said transaction, delivered said note to the defendant [plaintiff] without first signing the same.

"(6) The plaintiff ought not to recover of this defendant on said note here sued on, because he signed the same without consideration and for the accommodation of C. E. Frost, the cashier of the plaintiff, at that time, and who was acting as the sole agent for the plaintiff in said transaction, and that said note was executed for a past-due debt which the said Frost owed the plaintiff, and that the plaintiff had knowledge of said facts at the time it acquired said note. * * *

"(8) The plaintiff ought not to recover of this defendant on the note here sued on because the consideration of said note was a debt which C. E. Frost owed to the plaintiff, which said debt was then past due, and this defendant signed said note for the renewal of said debt and for the accommodation of the said Frost, which facts were known at the time to the plaintiff, and the plaintiff before the commencement of this action has discharged and released the said Frost from all liability on said debt, without the knowledge or consent of this defendant."

Pleas to like effect, and setting up similar defenses, were interposed by the defendant Brooks; it being asserted that this defendant's signature was given upon the understanding that others than Frost would also sign.

Plaintiff demurred to defendants' pleas, on the ground, among others, that:

"It is no answer to plaintiff's suit upon a negotiable promissory note that defendant signed the same without consideration to himself as an accommodation indorser, or that it was given for a past-due consideration.

"It is no defense to defendant in this cause if the plaintiff has discharged and released the said C. E. Frost, or any other comaker or signer of said note, of his obligation thereon to this plaintiff; a promissory note being a joint and several contract on the part of the makers thereof."

The court overruled demurrers to the pleas of both defendants.

There were jury and verdict for defendants, and judgment accordingly, from which the plaintiff appeals.

Fred Wall, of Athens, and S. H. Richardson, of Huntsville, for appellant.

The case of Tatum v. Commercial Bank, 193 Ala. 120, holding that the principle is bound by the agent's knowledge, in a matter where the agent's interest is opposed to that of his principal, if the agent is the sole representative of the principal, is not sound. Frenkel v. Hudson, 82 Ala. 158, 2 South. 758, 60 Am. Rep. 736; Robertson Banking Co. v. Brasfield, 202 Ala. 167, 79 South. 651; 31 Cyc. 1595; Findley v. Cowles, 93 Iowa, 389, 61 N. W. 998; Indian Head Bank v. Clark, 166 Mass. 27, 43 N. E. 912; Allen v. So. Boston Ry. Co., 150 Mass. 200, 22 N. E. 917, 5 L. R. A. 716, 15 Am. St. Rep. 185. Extension of time of payment of an existing debt is sufficient consideration for the execution of a new note. Code 1907, §§ 4981–4984; Ogden on Neg. Inst. 58–67.

Lanier & Pride and R. E. Smith, all of Huntsville, for appellees.

Pleas 3, 4, and 5 were not subject to demurrer. Farley Nat. Bank v. Henderson, 118 Ala. 441, 24 South. 428; Tatum v. Commercial Bank, 193 Ala. 120, 69 South. 508, L. R. A. 1916C, 767.

ANDERSON, C. J. [1] It is the general rule that notice to an agent is notice to the principal except in matters as to which the agent is personally interested. There also seems to be a limitation upon the exception, which is that, notwithstanding the agent is personally interested, if he is the sole representative in the transaction and is in effect the alter ego, notice to him is imputable to the principal. This seems to be the substance of our holding in the case of Tatum v. Commercial Bank, 193 Ala. 120, 69 South. 508, and cases there cited. This case is also reported in L. R. A. 1916C, 767, and appears to be in harmony with the weight of modern authority.

The case of Frenkel v. Hudson, 82 Ala. 158, 2 South. 758, 60 Am. Rep. 736, is not in conflict with the Tatum Case. It merely lays down the general rule and the exception, but fails to note the limitation upon the exception as brought out in the Tatum Case when the interested agent is the sole representative of the principal in the transaction, and which point was doubtless not raised or suggested in said Frenkel Case.

The case of Robertson Banking Co. v. Brasfield, 202 Ala. 167, 79 South. 651, is

unlike this case or the Tatum Case. There the agent concocted and perpetrated a fraud upon Brasfield in the creation of the relationship. He knew all facts and had notice of everything before becoming the agent of Brasfield to lend the money to a man of straw. In other words, he received no notice of nor ascertained any facts after becoming Brasfield's agent that were not already in his breast when opening up negotiations leading up to the creation of the agency. It is sufficient to say that Laughlin's pleas 4 and 5 seem to conform to the rule declared in the Tatum Case, while plea 3 does not as it does not aver that Frost was the sole representative in the transaction. This comment also applies to such pleas of defendant Brooks as attempt to set up this defense.

[2] The fact that the note was given for an antecedent debt did not render it wanting in consideration, and the trial court erred in not sustaining the demurrer to the pleas of each defendant proceeding upon this theory. Sections 4981, 4982, and 4984 of the Code of 1907; Volger v. Manson, 200 Ala. 351, 76 South. 117; Davies v. Simpson, 201 Ala. 616, 79 South. 48.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SAYRE, GARDNER, and MILLER, JJ., concur.