(109 So. 749)

**WALDEN v. WARREN. (3 Div. 764.)**

(Supreme Court of Alabama. Oct. 14, 1926.)

**1. Bills and notes ☞358.**

Existing indebtedness is valid consideration such as to constitute indorsee of commercial paper, as collateral a holder in due course, in view of Code 1923, § 9053.

**2. Trial ☞252(15).**

Where plea of "no consideration" was not made out by evidence in suit on note, instructions relative thereto were properly refused.

**3. Trial ☞260(9).**

In suit on note, where several charges had covered plaintiff's responsibility for acts of his agent, son, refusal to give charge stating plaintiff's responsibility for misrepresentations made by son *held* proper.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by E. H. E. Warren against J. B. Walden. Judgment for plaintiff, and defendant appeals. Affirmed.

Ball & Ball, of Montgomery, for appellant.

Counsel discuss the questions raised, but without citing authorities.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

An antecedent or pre-existing debt constitutes value, whether the instrument is payable on demand or at a future date. Code 1923, § 9053; First National Bank v. Laughlin, 209 Ala. 349, 96 So. 206. The burden of proof to show no consideration always rests on the defendant. Gates v. Morton Hardware Co., 40 So. 510;[1] Ragsdale v. Gresham, 141 Ala. 313, 37 So. 367; 8 C. J. 994.

BOULDIN, J. The suit is upon a promissory note by payee against maker. There was a plea of "no consideration." Without dispute, defendant negotiated and obtained from plaintiff a loan of $2,000, the proceeds being paid in part to defendant and the balance applied to other obligations as agreed. The loan was secured at the time by assignment of an interest in a fire insurance policy to the amount of the loan, with power of attorney to collect, a loss having already occurred.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Reported in full in the Southern Reporter; not reported in full in 146 Ala. 692.

Soon thereafter the demand note sued upon was executed. It is not insisted that defendant merely sold an interest in the policy to plaintiff for $2,000, no personal indebtedness arising. The evidence, without controversy, imports a loan, and it is conceded, in brief, that defendant is indebted to plaintiff therefor, secured by assignment of the policy.

The evidence is further without dispute that the instrument sued upon was intended by both parties at the time as additional or substituted security for the same debt.

An existing indebtedness is valid consideration for a note or other security given by debtor to creditor. As between them, no new or present consideration is necessary. Turner v. McFee, 61 Ala. 468; 13 C. J. p. 362, § 228. It is now so declared by statute, whether the note is payable on demand or at a future time. Code § 9053; First National Bank v. Laughlin, 209 Ala. 349, 96 So. 206.

[1] It is such value as to constitute the indorsee of commercial paper as collateral a holder in due course. Vogler v. Manson, 200 Ala. 351, 76 So. 117. The rule obtaining in the law of fraudulent conveyances is not involved.

[2] The plea of "no consideration" was not made out under any phase of the evidence. An affirmative instruction could have been given for plaintiff on that issue. There was therefore no error in refusing charges on that subject to defendant.

The real controversy of fact arose under the pleas of fraudulent misrepresentations in the procurement of the note, misstatement of its contents relied upon by defendant, and of fraudulent alteration after signature. This issue was tried upon the testimony of the parties, eyewitnesses to the transaction, seen and heard by the jury. The testimony was in direct conflict. It was purely a jury question. No preponderance of evidence against the verdict appears which would justify its disturbance.

[3] No question was raised as to the responsibility of plaintiff for any misrepresentations made by his son. Both were participating in getting the note, although the father did not hear the conversation. The court's oral charge, as well as several given charges for defendant, declare plaintiff's responsibility for any misrepresentations of his agent, the son. In such case, there was no error in refusing an instruction that acceptance of the note bound plaintiff for any misrepresentations made by his son. The case was properly tried on the plain issue of misrepresentations vel non.

The legal effect of a verdict for defendant in this suit on plaintiff's right of action in a subsequent suit on the original assignment was not an issue here. Instructions to the effect that such verdict would not discharge the debt nor defeat a later action thereon were beside the issue. The mind of the jury was properly directed to the validity of the note and not diverted by such instructions.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.