## KINNEY et al. v. KINNEY.

6 Div. 690.

Supreme Court of Alabama.

May 19, 1935.

Rehearing Denied June 20, 1935.

H. H. Kinney, of Cullman, for appellants.

St. John & St. John, of Cullman, for appellee.

FOSTER, Justice.

The bill in this suit was filed in equity by appellee against appellants and seeks a reformation. It alleges that appellant H. H. Kinney defrauded him, by which he was in-, duced to accept a deed conveying property, other than that agreed upon.

The substance of the bill is that complainant owned the property in question, and was desirous of securing a loan on it, but his wife was away in a hospital, so he deeded the property to H. H. Kinney, and took from him a mortgage on it to be used by him for the loan. After the mortgage became due, and was unpaid, and not as a part of the original transaction, he agreed with H. H. Kinney that in settlement of the mortgage the latter would reconvey to complainant the property. Whereupon complainant drew up a deed conveying it as agreed, and delivered it to Kinney for execution. He took it, and, instead of executing it, prepared another conveying property not owned by him, nor agreed to be included, and executed it, and delivered it to complainant who did not know of such change; that H. H. Kinney fraudulently concealed such fact from complainant, who relied upon it being as contemplated, and accepted it as such; that H. H. Kinney executed a mortgage to his corespondent, who is his mother, for the security of a large debt as recited, and included the property agreed to be conveyed to him; that the mortgage was fictitious and made and recorded for the purpose of defrauding complainant.

The bill also sought to cancel the mortgage as a cloud on complainant's title. It alleged also that complainant was in possession of the property at the time he conveyed to H. H. Kinney, and at the time this bill was filed. It does not allege his possession at the time when H. H. Kinney made the mortgage to his mother.

■ When a grantee is induced by the fraud of the grantor to accept and act on a deed which incorrectly describes the property intended to be conveyed supposing the deed to describe it correctly, without fault on his part, equity will reform it. Section 6825, Code; Reeves v. Thompson, 225 Ala. 204, 142 So. 663; Cobern v. Foshee, 221 Ala. 301, 128 So. 779; Gallilee Baptist Church v. Pallilla, 219 Ala. 683, 123 So. 210; Snider v. J. E. Freeman & Co., 214 Ala. 295, 107 So. 815.

But not by the grantee against the grantor in a voluntary conveyance, Christian Church v. Littleville Camp, W. O. W., 185 Ala. 80, 64 So. 9; 53 Corpus Juris 913, although the grantor may have such relief. Jones v. McNealy, 139 Ala. 378, 379, 35 So. 1022, 101 Am. St. Rep. 38; Stover v. Hill, 208 Ala. 575, 94 So. 826.

■ The point is here made that complainant does not allege that he satisfied the mortgage and returned it to H. H. Kinney, nor

show other prejudicial act by him; that he cannot be defrauded without doing some act in reliance on the correctness of the deed, which would prejudice his rights. This must be shown to have relief from the effect of fraud. 53 Corpus Juris 1019, 1020, § 178.

■ But when complainant was induced to accept a deed which did not describe the property agreed upon, and he was ignorant without fault of that fact, but the grantor knew of it, and planned it with the intent to defraud, and it was delivered and received pursuant to an agreement that it thereby settled and discharged a debt, it was not a voluntary conveyance without consideration. The satisfaction of a debt is for some purposes a valuable consideration. Section 9053, Code; Fortson v. Bishop, 204 Ala. 524 (5), 86 So. 399; Vogler v. Manson, 200 Ala. 351, 76 So. 117; Mobile Life Ins. Co. v. Randall, 71 Ala. 220; Craft v. Russell, 67 Ala. 9; Saffold v. Wade's Ex'r, 51 Ala. 214; Reliance Equipment Co. v. Sherman, 216 Ala. 214, 112 So. 822; Walden v. Warren, 215 Ala. 94, 109 So. 749. The satisfaction of the debt is effective pursuant to the agreement until relief is had against it by some process of law. That is true, though the mortgage is not physically marked paid and surrendered. The effect of the agreement was ipso facto to settle and satisfy it. The burden was then cast on complainant to obtain relief from that result by showing that he was defrauded into the agreement; so that the situation as alleged did show that complainant, in reliance on the deed to be as agreed, acted to his prejudice in accepting it as a full settlement and satisfaction of the mortgage.

We think the bill as amended was sufficient to show a right to reformation against H. H. Kinney. Mrs. Kinney, co-respondent, also insists that there is no equity as to her, and that the bill is otherwise subject to her separate demurrer. Various contentions are made which are not applicable as we view it.

■ It is not a statutory bill in which peaceable possession must be alleged, and that no other suit is pending. If the bill were filed solely against Mrs. Kinney, without reliance on its equity against H. H. Kinney, it would be sufficient to remove a cloud. It alleges possession in complainant. Peaceable possession is not necessary to such a bill, since the effort is to vacate an instrument which on its face carries a right superior to that of complainant, but it is not so by virtue of some circumstances aliunde, not so apparent. Elledge v. Funke, 203 Ala. 322, 83 So. 33;

Thompson v. Brown, 200 Ala. 382, 76 So. 298; Edmonds v. Cogsdill, 182 Ala. 309, 62 So. 691; King v. Artman, 225 Ala. 569, 144 So. 442.

But since the bill is now held by us to contain equity against H. H. Kinney, for a reformation, the court will not merely stop with that relief, but will also grant relief in the same suit against all who claim under H. H. Kinney, with notice, actual or constructive, of the equity against him, or who are not purchasers for value. Whitehead v. Brown, 18 Ala. 682; Stone, Trustee, v. Hale, 17 Ala. 557, 52 Am. Dec. 185; 69 A. L. R. 432, note; Early v. Owens, 68 Ala. 171; Berry v. Sowell, 72 Ala. 14; Bailey v. Timberlake, 74 Ala. 221.

So in this connection, the question is whether she is in the relation of an innocent purchaser from H. H. Kinney, without notice and for value. The bill alleges that the "amount of said mortgage was fictitious." It does not allege that she had notice of the fraud charged to. H. H. Kinney, or that she participated in any fraud herself. None of that is necessary if there was no valuable consideration for the mortgage. Berry v. Sowell, supra; Gilley v. Denman, 185 Ala. 561 (14), 64 So. 97; Curtis v. Riddle, 177 Ala. 128, 59 So. 47; Beall v. McGehee, 57 Ala. 438.

"Fictitious" means feigned, imaginary, not real, false, not genuine, nonexistent. See Webster Dictionary; 25 Corpus Juris 1086.

We think that when the bill alleged that the amount of said mortgage was fictitious, its proper meaning is that there was no mortgage debt, and that it was without consideration. Unless the mortgagee had notice, actual or constructive, there can be no relief against her to the extent that there was a consideration for the mortgage, then or thereafter created.

But we interpret the bill to have a sufficient allegation that the mortgage was without consideration. If true, then complainant had the right to have the mortgage canceled upon sufficient proof of a right to reformation against H. H. Kinney, as alleged.

It is our opinion, therefore, that the bill was not subject to demurrer on the grounds we have discussed, and that there was no error in overruling it.

Affirmed.

GARDNER, BOULDIN, and KNIGHT, JJ., concur.